UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GUANGYU WANG, | Case No. 3:18-cv-00075-MMD-CBC |
| Plaintiff, | ORDER |
| v. | |
| NEVADA SYSTEM OF HIGHER EDUCATION, | |
| Defendant. | |

## I.    SUMMARY

This is a Title VII retaliation case brought by a pro se plaintiff. As a result of this order, the Court grants summary judgment in favor of Plaintiff on his first and second claims for retaliation, and Plaintiff's third, fourth, and fifth claims for retaliation will proceed to trial. In addition, Plaintiff's claim for defamation related to his first claim for retaliation is dismissed, at least to the extent Plaintiff asserts such a claim. Finally, the Court grants summary judgment in favor of Defendant on Plaintiff's claim for defamation related to his fifth claim for retaliation, again only to the extent Plaintiff asserts such a claim.

Defendant Nevada System of Higher Education filed two motions: a motion for judgment on the pleadings (ECF No. 24) and a motion for partial summary judgment (ECF No. 25). The Court has reviewed Plaintiff's responses (ECF Nos. 28, 30) and Defendant's replies (ECF Nos. 32, 33).

Plaintiff filed a motion for summary judgment (ECF No. 35). The Court has reviewed Defendant's response (ECF No. 36) and Plaintiff's reply (ECF No. 37). Defendant moved

for leave to supplement the record (ECF No. 38), and Plaintiff opposed (ECF No. 39). Plaintiff filed a motion to expedite consideration of his motion for summary judgment (ECF No. 46) that Defendant opposed (ECF No. 47). Plaintiff also filed a motion to redact personal data (ECF No. 42) and a motion to update an illegible exhibit (ECF No. 43) that Defendant did not oppose (ECF Nos. 44, 45 (notices of non-opposition)).

## II.    BACKGROUND

The following allegations come from Plaintiff's First Amended Complaint ("FAC") (ECF No. 21) unless otherwise indicated.[1]

Plaintiff worked as a "Research Assistant Professor" in the Department of Pharmacology at the University of Nevada Reno School of Medicine ("UNR Med"), and his position was funded with an American Heart Association ("AHA") National Scientist Development Grant ("Grant"). (ECF No. 21 at 7.) Plaintiff received a discharge notice on June 15, 2012, and was provided with a 180-day compensatory extension until December 12, 2012.[2] (*Id.*) Plaintiff filed a charge of race discrimination with the Nevada Equal Rights Commission ("NERC") and the Equal Employment Opportunity Commission ("EEOC") in December 2012. (*Id.*) Plaintiff also filed a lawsuit in state court against Defendant. (*Id.*) Plaintiff was unable to access lab equipment and supplies from December 12, 2012,[3] until April 17, 2013, when Plaintiff settled the charges and the lawsuit with Defendant. (*Id.*)

Plaintiff alleges that despite the settlement, Plaintiff's former supervisor—a non-party named Iain Buxton who heads up UNR Med—intentionally retaliated against Plaintiff for filing the charges of employment discrimination and the lawsuit in a number of ways: (1) by making disparaging comments about Plaintiff and unfavorable references to the fiscal official at UNR and the hiring official at UC Davis on June 18, 2013; (2) by disclosing

///

---

[1]These facts are not disputed unless otherwise indicated in this order. The Court does not rely on the disputed facts.

[2]Plaintiff alleges that the date was "12/12/2013" in his FAC, but this seems to be a typographical error.

[3]Again, Plaintiff seems to erroneously allege that the date was "12/12/2013."

Plaintiff's previous lawsuit against Defendant as a negative reference to the hiring official at UC Davis on June 19, 2013; (3) by depriving Plaintiff of funding from the Grant; (4) by refusing to transfer Plaintiff's lab chemical and biological products and supplies ("Lab Supplies") from UNR to UC Davis and by discarding them without Plaintiff's consent on October 15, 2013; and (5) by threatening Plaintiff and damaging his good reputation on October 15, 2013, by prohibiting him from accessing the UNR campus. (*Id.* at 8-9.)

Plaintiff conceives of his FAC as advancing five independent claims for retaliation based on the enumerated allegations above. (*See* ECF No. 30 at 9 ("It should be noteworthy that Plaintiff had at least five claims in his [FAC] . . . .").) Defendant adopts the same five claims in its response. (ECF No. 36 at 1-2.) Accordingly, the Court so construes Plaintiff's FAC for the purpose of addressing the pending motions. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (pleadings of pro se party must be liberally construed).

**III.   DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (ECF NO. 24)**

    **A.   LEGAL STANDARD**

A Rule 12(c) motion for judgment on the pleadings utilizes the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted in that it may only be granted when it is clear to the court that "no relief could be granted under any set of facts that could be proven consistent with the allegations." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) (citations omitted).

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to ///

survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but not shown—that the pleader is entitled to relief. *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).

Particular care is taken in reviewing the pleadings of a pro se party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe*, 627 F.3d at 342. Still, a liberal construction may not be used to supply an essential element of the claim not initially pleaded. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is appropriate, a pro se plaintiff should be given leave to amend the complaint and notice of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

///

///

4

## B.  ANALYSIS

Plaintiff alleges in his first claim for retaliation that his former supervisor—Iain Buxton—made disparaging comments about him to a fiscal official at UNR—Charlene Hart—in an email dated June 18, 2013, to prevent the transfer of Plaintiff's Grant. (ECF No. 21 at 7.) Defendant moves to dismiss a defamation claim arising from this allegation (*see* ECF No. 24 at 5), although it is not clear that Plaintiff actually asserts a claim for defamation in his FAC. Nevertheless, Plaintiff opposes Defendant's motion (ECF No. 30), and Plaintiff's FAC could be liberally construed to assert a claim for defamation. Accordingly, the Court will consider whether Defendant is entitled to judgment on the pleadings with respect to a defamation claim arising from Plaintiff's allegations that Buxton made disparaging comments about him to Hart.

"An action for defamation requires the plaintiff to prove four elements: '(1) a false and defamatory statement; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages.'" *Clark Cty. Sch. Dist. v. Virtual Educ. Software, Inc.*, 213 P.3d 496, 503 (Nev. 2009) (quoting *Pope v. Motel 6*, 114 P.3d 277, 282 (Nev. 2005)).

Defendant argues that Buxton's communications with Hart were not "published to a third person" because Buxton and Hart both worked for the same employer. (ECF No. 24 at 5.) Plaintiff does not directly address Defendant's argument regarding publication, and in most of the response, defends his claims for retaliation, which are not at issue with respect to this particular motion. (*See, e.g.*, ECF No. 30 at 8-9 ("[Buxton's] comments induced Plaintiff's emotional distress, damaged Plaintiff's good reputation and AHA grant, and prevented Plaintiff from securing employment opportunities . . . . In this regard, Defendant did subject Plaintiff [to] intentional retaliation . . . .).)

The Court agrees with Defendant that Buxton's communications with Hart were not "published to a third person" because Buxton and Hart both worked for UNR. *See Blanchard v. Circus Casinos, Inc.*, 373 P.3d 896, 2011 WL 4337055, *2 (Nev. 2011) ("A defamatory statement made between employees of a corporation . . . does not constitute

publication."); *see also M & R Inv. Co. v. Mandarino*, 748 P.2d 488, 491 (Nev. 1987) ("Evidence that one employee of M & R said something defamatory about Mandarino to another employee of the corporation, without more, that is, without evidence regarding the tone in which the defamatory statement was made or the proximity of third parties, does not establish that the defamatory statement was published.").

Accordingly, the Court will grant Defendant's motion for judgment on the pleadings. Plaintiff's claim for defamation arising out of the alleged communications between Buxton and Hart—to the extent Plaintiff attempts to assert such a claim—is dismissed with prejudice for failure to state a claim.

## IV.     DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF NO. 25)

### A.     LEGAL STANDARD

Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and a dispute is material if it could affect the outcome of the suit under the governing law. *Id.*

Summary judgment is not appropriate when "reasonable minds could differ as to the import of the evidence." *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is [that which is] enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). Decisions granting or denying summary judgment are made in light of the purpose of summary judgment "to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

///

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies the requirements of Rule 56, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008). If a party relies on an affidavit or declaration to support or oppose a motion, it "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient . . . ." *Anderson*, 477 U.S. at 252.

**B.    ANALYSIS**

Defendant seeks summary judgment on Plaintiff's fifth claim, which Defendant construes as two claims: a defamation claim and a retaliation claim.

Plaintiff alleges in his fifth claim that Buxton prevented him from retrieving the Lab Supplies from UNR Med. (*See* ECF No. 21 at 9.) Plaintiff alleges that Buxton "threatened [Plaintiff] not to access the public UNR campus" and regarded him as a dangerous Nevada resident. (*Id.*) Plaintiff further alleges that Buxton instructed his staff to notify security if Plaintiff appeared on campus. (*Id.*)

**1.    Defamation**

Defendant argues that the communications between Buxton and his staff were not "published to third persons" because they were communications between members of the

same organization. (ECF No. 25 at 6-7.) Plaintiff does not meaningfully respond to this argument. (*See* ECF No. 28.) The Court agrees with Defendant. *See Blanchard*, 2011 WL 4337055, *2; *Mandarino*, 748 P.2d at 491; discussion *supra* Section III.B. Accordingly, the Court will grant summary judgment in favor of Defendant as to a claim for defamation arising out of Plaintiff's allegations supporting his fifth claim for retaliation.

### 2. Retaliation

"Title VII prohibits an employer from discriminating against an employee for opposing an unlawful employment practice, such as filing a complaint alleging sexual orientation harassment and hostile work environment." *Dawson v. Entek Int'l*, 630 F.3d 928, 936 (9th Cir. 2011). "Retaliatory discharge claims follow the same burden-shifting framework described in *McDonnell Douglas*[, 411 U.S. 792 (1973)]." *Id.* "To establish a prima facie case, the employee must show that he engaged in a protected activity, he was subsequently subjected to an adverse employment action, and that a causal link exists between the two." *Id.* (citing *Jordan v. Clark*, 847 F.2d 1368, 1376 (9th Cir. 1988)). "The causal link can be inferred from circumstantial evidence such as the employer's knowledge of the protected activities and the proximity in time between the protected activity and the adverse action." *Id.* "If a plaintiff establishes a prima facie case of unlawful retaliation, the burden shifts to the defendant employer to offer evidence that the challenged action was taken for legitimate, non-discriminatory reasons." *Id.* (citing *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 917 (9th Cir. 1996)). "If the employer provides a legitimate explanation for the challenged decision, the plaintiff must show that the defendant's explanation is merely a pretext for impermissible discrimination." *Id.* (citing *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000)).

"Title VII retaliation claims may be brought against a much broader range of employer conduct than substantive claims of discrimination." *Campbell v. Hawaii Dep't of Educ.*, 892 F.3d 1005, 1021 (9th Cir. 2018) (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67-68 (2006)). "Namely, a Title VII retaliation claim need not be supported by an adverse action that materially altered the terms or conditions of the

plaintiff's employment; instead an allegedly retaliatory action is subject to challenge so long as the plaintiff can show that 'a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Id.* (quoting *Burlington*, 548 U.S. at 68).

Defendant argues that Plaintiff has not established a prima facie case because Plaintiff has not identified an adverse employment action. (ECF No. 25 at 7.) Defendant argues that barring Plaintiff from retrieving the Lab Supplies was not an adverse employment action because Plaintiff was no longer employed by UNR Med on October 15, 2013. (*Id.*) Plaintiff does not meaningfully respond to this argument. (*See* ECF No. 28.)

"A plaintiff may seek relief for retaliatory actions taken after her employment ends if 'the alleged discrimination is related to or arises out of the employment relationship.'" *Hashimoto v. Dalton*, 118 F.3d 671, 675 (9th Cir. 1997) (quoting *Passer v. Am. Chem. Soc'y*, 935 F.2d 322, 330 (D.C. Cir. 1991)). Accepting Plaintiff's allegations—which Defendant does not dispute—as true, and construing the facts in the light most favorable to him, Defendant's retaliatory action—barring Plaintiff from retrieving the Lab Supplies that allegedly were important to his past and future research under the Grant—arose out of the parties' employment relationship. A rational jury could find that such action would dissuade a reasonable worker from making or supporting a charge of discrimination, particularly when construing the facts in the light most favorable to Plaintiff. *See Campbell*, 892 F.3d at 1021. Accordingly, the Court finds that Plaintiff has presented a genuine issue of fact as to whether Defendant took an adverse employment action.

Defendant further argues that it had the discretion and authority to deny Plaintiff access to laboratory space. (ECF No. 25 at 7.) Plaintiff does not meaningfully respond to this argument. (*See* ECF No. 28.) Even if Defendant has the authority and discretion to deny Plaintiff access, Defendant has not identified a legitimate, non-retaliatory reason for preventing Plaintiff from retrieving the Lab Supplies. (*See* ECF No. 25 at 7.) Rather, construing the facts in the light most favorable to Plaintiff, a rational jury could find that

1  Plaintiff was barred from retrieving the Lab Supplies in retaliation for Plaintiff's

2  discrimination charges and lawsuit.

3      Accordingly, the Court will grant in part and deny in part Defendant's motion for

4  summary judgment. The Court will grant summary judgment in favor of Defendant on a

5  defamation claim arising out of Plaintiff's allegations in his fifth claim, and the Court will

6  deny summary judgment as to Plaintiff's fifth claim for retaliation.

7  **V.    PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 35)**

8      Plaintiff moves for summary judgment on each of his claims for retaliation.[4] (ECF

9  No. 35 at 4-5.) The Court will address them in turn.

10     **A.    CLAIM ONE**

11     Plaintiff alleges in his first claim for retaliation that Buxton made unfavorable

12 references to the hiring official at UC Davis—Peter Cala—on June 18, 2013, to prevent

13 Plaintiff from securing grant-dependent employment opportunities. (ECF No. 21 at 7; *see*

14 *also* ECF No. 35 at 19.) Defendant argues that Plaintiff is not entitled to summary judgment

15 on this claim because Plaintiff has not produced any evidence to show that a conversation

16 between Buxton and Cala ever took place. (ECF No. 36 at 3.) Defendant further argues

17 that the alleged communication was not a negative reference discouraging employment

18 because lawsuits are matters of public record. (*Id.* at 4.)

19     In response, Plaintiff cites to a hearing transcript attached to his FAC. (ECF No. 37

20 at 9 (citing ECF No. 21 at 99-104).) In that hearing, Cala testified about a phone call he

21 received from Buxton: "I had gotten a very animated call from Dr. Wang's previous chair

22 at Reno, Iain Buxton, and he was telling me somebody should have called him. That there

23 had been a problem there; that he was sued by Dr. Wang." (ECF No. 21 at 102.) Also in

24 that hearing, Plaintiff's supervisor at UC Davis—Jie Zheng—testified that Cala had a

25 concern about Plaintiff's employment after learning of Buxton's negative references about

26 Plaintiff's lawsuit:

27  _____

28      [4]For the legal standard applicable to motions for summary judgment, see *supra*
Section IV.A.

10

Q At any point did Dr. Cala express any concerns or reservations about offering an appointment to Dr. Wang?

A Yes he did.

(ECF No. 21 at 103.) Clearly, Cala construed the call from Buxton as a negative reference in that Buxton expressed concerns about Plaintiff's hiring by UC Davis.

Defendant filed a de facto surreply along with the entire transcript of that hearing styled as a motion for leave to supplement the record. (*See* ECF No. 38 at 1.) Plaintiff opposed the motion on the ground that the full transcript contains information that is "misleading or unrelated to Plaintiff's First Amended Complaint." (ECF No. 39 at 5.)

Local Rule 7-2 states that "[s]urreplies are not permitted without leave of court; motions for leave to file a surreply are discouraged." Moreover, "[a] surreply may only be filed by leave of court, *and only to address new matters raised in a reply to which a party would otherwise be unable to respond.*" *Kanvick v. City of Reno*, No. 3:06-CV-00058-RAM, 2008 WL 873085, at *1 n.1 (D. Nev. March 27, 2008). Nevertheless, the Court will consider Defendant's surreply, the entire hearing transcript, and Plaintiff's opposition to Defendant's motion for leave to supplement the record.

Defendant does not dispute the admissibility of the hearing transcript, whether the transcript shows a conversation between Buxton and Cala took place, or whether Buxton's communications to Cala constituted a negative employment reference.[5] (*See* ECF No. 38 at 4-6.) Given that Defendant essentially concedes that Buxton provided a negative reference to Cala, the Court considers whether Plaintiff has carried his initial burden of establishing a prima facie case of retaliation.

///

---

[5]Rather, Defendant argues that (1) UC Davis chose to hire Plaintiff regardless of Buxton's communication; (2) Plaintiff's termination from UC Davis was related to performance issues at UC Davis; (3) Cala stated that he was only made aware of litigation brought by Plaintiff against UNR Med—not any EEOC charges; (4) the conversation between Buxton and Cala played no role in the decision to terminate Plaintiff from UC Davis; and (5) Zheng never promised Plaintiff that he would be reappointed at UC Davis. (ECF No. 38 at 4-6.)

Plaintiff satisfies the first element—engagement in protected activity—because he alleges that he filed an employment discrimination lawsuit and related charges with the NERC and EEOC. (ECF No. 21 at 7.) Defendant does not dispute these allegations, which Plaintiff supports with admissible evidence: a copy of the charges of discrimination he filed with the NERC and EEOC (ECF No. 21 at 161-63), and a copy of a filing in the state court action that describes the lawsuit (ECF No. 21 at 148).

Plaintiff also satisfies the second element—an adverse employment action—because he has proven that Buxton gave a negative employment reference about him to Cala. The hearing transcript shows—and Defendant does not dispute—that Buxton called Cala and provided a negative reference about Plaintiff. (*See* ECF No. 21 at 99-104; *see also* ECF No. 38-2 at 17 (in context of full transcript introduced by Defendant); ECF No. 38-3 at 4 (same).) Defendant argues that Buxton's communication had no effect on Plaintiff's hiring (ECF No. 38 at 5-6), but the Ninth Circuit has rejected that argument. "[T]he retaliatory dissemination of a negative employment reference violates Title VII, even if the negative reference does not affect the prospective employer's decision not to hire the victim of the discriminatory action." *Hashimoto*, 118 F.3d at 676. In *Hashimoto*, the court reasoned that the "dissemination of the adverse job reference violated Title VII because it was a 'personnel action' motivated by retaliatory animus. That this unlawful personnel action turned out to be inconsequential goes to the issue of damages, not liability." *Id.*

Finally, Plaintiff has proven the third element—a causal connection between the adverse employment action and protected activity—because Buxton's negative reference to Cala was about Plaintiff's lawsuit. (ECF No. 21 at 102 (Cala's testimony: "I had gotten a very animated call from . . . Buxton, and he was telling me . . . that there had been a problem there; that he was sued by [Plaintiff].").)

The Court finds that Plaintiff has made out a prima facie case of retaliation supported by admissible evidence. Defendant has not rebutted this evidence or rebutted Plaintiff's prima facie case by articulating a legitimate, non-retaliatory reason for Buxton's

communication to Cala. Accordingly, the Court will grant summary judgment in favor of Plaintiff on Plaintiff's first claim for retaliation.

### B.   CLAIM TWO

Plaintiff's second claim is functionally identical to Plaintiff's first claim. (*See* ECF No. 21 at 7-8.) Accordingly, the Court grants summary judgment in favor of Plaintiff on his second claim for retaliation.

### C.   CLAIM THREE

In his third claim, Plaintiff alleges that Defendant improperly paid Plaintiff a settlement of $21,589.02 mostly out of Plaintiff's Grant rather than out of Defendant's funds. (ECF No. 21 at 8.)

Defendant did not address this claim in its response. (*See* ECF No. 36.) Thus, the Court considers whether Plaintiff has carried his burden of establishing that no genuine issue of material fact exists. *See Zoslaw*, 693 F.2d at 883 (citations and internal quotation marks omitted) ("The burden of demonstrating the absence of an issue of material fact lies with the moving party. The opposing party must then present specific facts demonstrating that there is a factual dispute about a material issue.")

First, the Court considers whether Plaintiff has established a prima facie case of retaliation. The Court finds that Plaintiff has not carried his burden of proving that he experienced an adverse employment action. Plaintiff contends that he experienced an adverse employment action when Defendant paid a settlement out of his Grant rather than its own pockets, but the evidence that Plaintiff cites to support this allegation is inconclusive. Plaintiff relies primarily on a financial report dated September 26, 2013, for the period July 1, 2012 through April 1, 2014. (ECF No. 21 at 134-35.) The report shows that about $30,000 was deducted from the Grant for Plaintiff's salary between July 1, 2012, and September 26, 2013. (*See id.*) Plaintiff argues that the $30,000 went toward the settlement award he received from Defendant—not his salary—because he was not paid any salary after April 11, 2013. (ECF No. 35 at 21.) But Plaintiff alleges in his FAC that he continued to work for Defendant from July 15, 2012, to December 12, 2012, as part of a

1   180-day extension. (*See id.* at 7.) Thus, construing the facts in the light most favorable to

2   Defendant, a genuine issue of fact exists as to whether the $30,000 was deducted from

3   Plaintiff's Grant as compensation for Plaintiff's work from July 15, 2012, to December 12,

4   2012.

5       Plaintiff has failed to carry his burden of proving no genuine issue of material fact

6   exists with respect to whether funds were improperly deducted from the Grant.

7   Accordingly, the Court finds that Plaintiff is not entitled to summary judgment on his third

8   claim.

9       **D.    CLAIM FOUR**

10      Plaintiff alleges in his fourth claim that Defendant retaliated against him by refusing

11  to transfer the Lab Supplies from UNR to UC Davis and by discarding them without

12  Plaintiff's consent on or about October 15, 2013, as a means of preventing Plaintiff from

13  securing Grant-dependent employment opportunities. (ECF No. 21 at 8-9.)

14      Defendant first argues that this claim is foreclosed by the parties' settlement

15  agreements, in which Plaintiff released Defendant from all claims arising out of his

16  employment with Defendant up to and including April 11, 2013. (ECF No. 36 at 9-10; ECF

17  No. 36-9 at 4-5; *see also* ECF No. 36-10 (negotiated settlement agreement).) But Plaintiff's

18  allegations relate to Defendant's conduct after that date. (*See* ECF No. 21 at 8-9.) Thus,

19  the release does not foreclose Plaintiff's claim.

20      Defendant further argues that Plaintiff has not produced evidence to show that the

21  Lab Supplies belonged to Plaintiff. (ECF No. 36 at 11-12.) Defendant implies that if the

22  Lab Supplies belonged to Defendant, then Plaintiff could not have experienced an adverse

23  employment action when Defendant disposed of its own property. (*See id.*) Another

24  implication of Defendant's argument is that Defendant had a legitimate, non-retaliatory

25  reason for disposing of the Lab Supplies—they were Defendants property to do with as it

26  pleased. (*See id.*)

27      Plaintiff argues that the Lab Supplies belonged to him because he purchased them

28  with Grant funds. (ECF No. 37 at 13.) Plaintiff cites to a document titled "Guangyu Wang's

lab products and supplies at UNR" (ECF No. 21 at 36-37); the AHA award agreement form (*id.* at 49-50); an AHA guide for national research awards (*id.* at 52-53); three financial reports about the Grant (*id.* at 133-44); and documents titled "statement of account" (ECF No. 35 at 40-87).

The Court finds that Plaintiff has failed to carry his initial burden of demonstrating ownership of the Lab Supplies. Plaintiff himself argues that the AHA award agreement, AHA guide, and the parties' settlement agreements do not expressly contemplate ownership or transfer of the Lab Supplies. (*See* ECF No. 37 at 14-15.) In the absence of a contractual agreement about ownership of the Lab Supplies, Plaintiff bears the burden in seeking summary judgment of adducing evidence to show that the use of Grant funds to purchase the Lab Supplies made Plaintiff the owner of the Lab Supplies. Plaintiff has produced no such evidence—which might consist of industry custom, historic custom within UNR, or an employment policy—thereby precluding the Court from determining that Plaintiff owned the Lab Supplies as a matter of law.

Accordingly, the Court will deny summary judgment on Plaintiff's fourth claim for retaliation.

### E.    CLAIM FIVE

Plaintiff alleges in his fifth claim that Buxton prevented him from retrieving the Lab Supplies from UNR Med. (*See* ECF No. 21 at 9.) Plaintiff alleges that Buxton "threatened [Plaintiff] not to access the public UNR campus" and regarded him as a dangerous Nevada resident. (*Id.*) Plaintiff further alleges that Buxton instructed his staff to notify security if Plaintiff appeared on campus. (*Id.*)

Defendant seems to argue that Buxton had a legitimate, non-retaliatory reason for preventing Plaintiff from retrieving the Lab Supplies: "limit[ing] access to a laboratory by someone who was no longer employed by UNR Med." (ECF No. 36 at 7.) Plaintiff argues that this reason was pretextual because, among other things, the tone of Plaintiff's e-mail was polite and because Plaintiff did not present a security risk. (ECF No. 37 at 17-18.) Nevertheless, Defendant has raised a genuine issue of material fact as to whether Buxton

had a legitimate, non-retaliatory reason for preventing Plaintiff from retrieving the Lab Supplies. Accordingly, the Court will deny summary judgment as to Plaintiff's fifth claim for retaliation.

## VI. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Defendant's motion for judgment on the pleadings (ECF No. 24) is granted. Any claim for defamation arising out of the allegations supporting Plaintiff's first claim for retaliation is dismissed with prejudice.

It is further ordered that Defendant's motion for partial summary judgment (ECF No. 25) is granted in part and denied in part. Summary judgment is granted in favor of Defendant as to any claim for defamation arising out of the allegations supporting Plaintiff's fifth claim for retaliation. Summary judgment is denied as to Plaintiff's fifth claim for retaliation.

It is further ordered that Plaintiff's motion for summary judgment (ECF No. 35) is granted in part and denied in part. Summary judgment is granted in favor of Plaintiff as to his first and second claims for retaliation. Summary judgment is denied as to Plaintiff's third, fourth, and fifth claims for retaliation.

It is further ordered that Defendant's motion for leave to file a surreply (ECF No. 38) is granted.

It is further ordered that Plaintiff's unopposed motions to redact personal data (ECF No. 42) and to update an illegible exhibit (ECF No. 43) are granted.

///

///

///

///

It is further ordered that Plaintiff's motion to expedite consideration of his motion for summary judgment (ECF No. 46) is denied as moot.

DATED THIS 6th day of November 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE