UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GUANGYU WANG,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>NEVADA SYSTEM OF HIGHER EDUCATION,<br>　　　　　　　　Defendant. | Case No. 3:18-cv-00075-MMD-CBC<br><br>ORDER |

This is a Title VII retaliation case brought by a *pro se* plaintiff. Before the Court is Plaintiff's Objection to Magistrate Judge Carry's Orders Regarding the Deposition of 1/29/2019 ("Objection") (ECF No. 96.) The Court has reviewed Defendants response (ECF No. 99) and agrees with Defendant that Plaintiff cannot show that Judge Carry's rulings are clearly erroneous or contrary to law. The Court therefore overrules the Objection.

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin v. County of Kern*, 767 F. Supp. 2d 1069, 1110-11 (E.D. Cal. 2011) (quoting *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006)). When reviewing the order, however, the magistrate judge "is afforded broad discretion,

1 which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

Plaintiff's Objection challenges five of Judge Carry's orders (ECF Nos. 75, 89, 90, 91, 95).[1] Defendant is correct that the fourteen-day period to appeal Judge Carry's orders has expired on Plaintiff's Objection to two of the orders (ECF Nos. 75, 89).[2] Plaintiff's Objection relating to these two orders are untimely and are overruled on this basis. Moreover, Judge Carry did not clearly err in denying Plaintiff's motion to limit the scope of his deposition (ECF No. 75) or his motion to supplement to correct his deposition transcript (ECF No. 89).

Plaintiff objects to Judge Carry's rulings concerning his deposition transcript, including his contention that the transcripts contain errors that should be corrected. However, Judge Carry properly denied Plaintiff's request to correct his deposition transcripts outside of the process permitted under Rule 30 (ECF No. 89) and provided a process for Plaintiff to challenge the translation of his deposition from Mandarin to English even though he had testified partially through an interpreter (ECF No. 91). Judge Carry also struck two of Plaintiff's filings after he was warned to file no further documents concerning his deposition transcript (ECF No. 90) and denied Plaintiff's motion raising the same issues previously addressed relating to his deposition transcript (ECF No. 95).[3] Plaintiff has not demonstrated that Judge Carry's rulings are clearly erroneous or contrary

///
///

---

[1] Plaintiff's Objection raises other frivolous issues, such as seeking recusal of Judge Carry, that do not warrant the Court's consideration.

[2] LR IB 3-1(a) provides that a party who wishes to seek reconsideration of a magistrate judge's pretrial rulings must do so within 14 days after service of the order. ECF No. 75 issued on February 27, 2019, while ECF No. 89 issued on April 19, 2019.

[3] Plaintiff has continued to refuse to accept the Court's rulings and filed frivolous objections or motions for reconsideration. *See e.g.,* ECF No. 103.

1 | to law. In fact, the Court agrees with Judge Carry's handling of Plaintiff's challenge to his
2 | deposition transcript.

It is therefore ordered that Plaintiff's Objection (ECF No. 96) is overruled.

DATED THIS 12th day of July 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE