1
2
3                     UNITED STATES DISTRICT COURT
4                         DISTRICT OF NEVADA
5                                * * *
6   GUANGYU WANG,                          Case No. 3:18-cv-00075-MMD-CBC
7                          Plaintiff,                ORDER
8        v.
    NEVADA SYSTEM OF HIGHER
9   EDUCATION,
10                        Defendant.
11

12        *Pro se* Plaintiff Guangyu Wang has one remaining claim for retaliation against

13   Defendant Nevada System of High Education set for trial. Before the Court is Plaintiff's

14   Motion for Jurors Who Can Speak and Understand Both Chinese Mandarin and English

15   (the "Motion") (ECF No. 158).[1] For the reasons explained below, the Court will deny the

16   Motion.

17        Plaintiff requests that the Court impanel at least six jurors who can speak or

18   understand both Chinese Mandarin and English to ensure that the jury can understand an

19   audio recording of his deposition, which involves both languages, and to ensure a fair trial

20   and diverse jury.[2] (ECF No. 158 at 1; ECF No. 164 at 1-2.)

21
22
23   _____

[1]The Court has also reviewed the parties' related briefs (ECF Nos. 160, 164).

24
[2]Additionally, Plaintiff argues for the first time in his reply brief that an interpreter
25   can manipulate Plaintiff's statements at trial and that United States Magistrate Judge Carla
     L. Baldwin has not provided the interpreter's credentials. (ECF No. 164 at 2-4.) The Court
26   declines to consider these frivolous claims. *See Zamani v. Carnes*, 491 F.3d 990, 997 n.13
     (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in
27   a reply brief.") (citation omitted). In any event, interpreters at trial will be required to take
     an oath to solemnly swear or affirm that he or she will truly, fairly, justly and impartially
28   translate the proceedings.

1    The Court rejects these arguments. First, Plaintiff seeks to use the audio recording

2  to support the claim that his deposition was conducted in bad faith. (*See* ECF No. 158 at

3  1; ECF No. 164 at 2-3.) But the Court already—and repeatedly—rejected these

4  challenges. (*See* ECF Nos. 109, 114, 117.) Plaintiff will not be able to use any audio

5  recording of his deposition. Second, Plaintiff has not cited to any law that requires this

6  Court to impanel Mandarin speakers, nor is the Court aware of any. The law requires that

7  jurors be randomly selected from a fair cross-section of the community. 28 U.S.C. §§ 1861,

8  1862, 1863. Plaintiff's request to impanel Mandarin speakers violates the letter and spirit

9  of the statute. Furthermore, there is no basis for the Motion given that the Court will provide

10  a Mandarin interpreter at trial (*see* ECF No. 161). For the foregoing reasons, the Court will

11  deny Plaintiff's Motion.[3]

12    The Court notes that the parties made several arguments and cited to laws not

13  discussed above. The Court has reviewed these arguments and laws and determines that

14  they do not warrant discussion as they do not affect the outcome of the Motion before the

15  Court.

16    It is therefore ordered that Plaintiff's Motion for Jurors Who Can Speak and

17  Understand Both Chinese Mandarin and English (ECF No. 158) is denied.

18    DATED THIS 23rd day of April 2020.

20    MIRANDA M. DU
      CHIEF UNITED STATES DISTRICT JUDGE

---

[3]To assuage any concerns Plaintiff may have about jury bias, the Court will explain the jury selection process. The Court will examine prospective jurors for any biases during the voir dire process. *See United States v. Zavalidroga*, 156 F.3d 1241 (9th Cir. 1998); *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 554 (1984) ("The primary purpose of voir dire is to select a fair and impartial jury.") One week before trial, the parties will file all suggested voir dire questions for the Court to consider asking the prospective jurors. (ECF No. 162.) During jury selection at the start of trial, the Court will ask prospective jurors these questions and ask the parties for input into any additional follow-up questions during jury selection. Outside the jury's presence, the Court will hear and rule on challenges for cause and then peremptory challenges. Prospective jurors will be excused throughout this process. Remaining jurors will be officially impaneled to serve in the trial.