UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| GUANGYU WANG, | Case No. 3:18-cv-00075-MMD-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| NEVADA SYSTEM OF HIGHER EDUCATION, | |
| Defendant. | |

**I.   SUMMARY**

*Pro se* Plaintiff Guangyu Wang has one remaining claim for retaliation against Defendant Nevada System of Higher Education following summary judgment proceedings. While unforeseen circumstances have led to continuation of the trial, now scheduled for the Court's November 30, 2020 trial stack, Plaintiff has continued to disregard the Court's admonishment to cease frivolous filings. This order addresses two such filings: Plaintiff's motion to supplement the audio recording of his deposition (ECF No. 187); and Plaintiff's motion for recusal (ECF No. 172). The Court denies both motions and again admonishes Plaintiff that further violation of the Court's order to cease frivolous filings will result in sanctions, up to and including dismissal of his remaining claim.

**II.   MOTION TO SUPPLEMENT (ECF No. 187)**

Plaintiff asks the Court to allow him to supplement a copy of the bilingual audio recording of his deposition. (ECF No. 187.) As the Court pointed out in its recent order addressing Plaintiff's request to impanel at least six jurors who are fluent in Mandarin Chinese and English, the Court has repeatedly rejected Plaintiff's use of the audio recording of his deposition to challenge the transcript of his deposition. (ECF No. 166 at

2, 9 (citing ECF Nos. 109, 114, 117).) In fact, Plaintiff has filed numerous motions raising similar issues about his deposition. The chart below reflects a sample of these filings and their dispositions.

| Date | ECF No. | Description |
|---|---|---|
| 3/5/19 | ECF No. 77 | Plaintiff's expedited motion for leave to supplement the corrected transcript of Plaintiff's deposition. |
| 4/19/19 | ECF No. 89 | The Court denied Plaintiff's motion (ECF No. 77). |
| 4/29/19 | ECF No. 93 | Plaintiff's motion for a justified valid full draft of transcript of the deposition of 1/29/2019 for Plaintiff's review. |
| 5/1/19 | ECF No. 95 | Plaintiff's motion to request a justified valid full transcript of the deposition of 1/29/19 for plaintiff review and modification (ECF No. 93) was denied for the reasons set forth in the court's prior orders (ECF Nos. 65 , 75 , 89 , 90, 91 ).[1] |
| 5/6/19 | ECF No. 96 | Plaintiff's objection to Judge Baldwin's Orders (ECF No. 95) regarding deposition. |
| 7/12/19 | ECF No. 109 | The Court overruled Plaintiff's objection (ECF No. 96). |
| 7/23/19 | ECF No. 110 | Plaintiff's motion for reconsideration regarding order of 7/12/19 (ECF No. 109). |
| 8/12/19 | ECF No. 114 | The Court summarily denied the motion for reconsideration (ECF No. 110). |
| 9/4/19 | ECF No. 116 | Objection to order of 8/12/19 (ECF No. 114). |
| 9/5/19 | ECF No. 117 | The Court summarily overruled Plaintiff's objection (ECF No. 116). |
| 1/24/20 | ECF No. 139 | Plaintiff's motion to compel disclosure of the audio recording of his deposition and reasserting allegations challenging his deposition. |
| 4/23/20 | ECF No. 167 | The Court summarily denied Plaintiff's motion to compel (ECF No. 167). |
| 5/1/20 | ECF No. 168 | Plaintiff's motion for reconsideration of order on 4/23/20 (ECF No. 167). |
| 5/7/20 | ECF No. 171 | The Court summarily denied Plaintiff's motion for reconsideration (ECF No. 167). |

---

[1] There, Judge Baldwin warned, "[n]o further motions concerning plaintiff's deposition transcript will be entertained by the court other than a motion for correction of transcript pursuant to the court's order (ECF No. 91 ). (ECF No. 95.)

2

The Court will summarily deny Plaintiff's motion to supplement an audio recording of his deposition (ECF No. 187) as well.

The Court further reiterates its repeated admonishment that Plaintiff must refrain from filing motions seeking similar relief. In fact, given the fact the remaining claim is ready for trial and the Court has long ago resolved pretrial motions, the Court will not permit Plaintiff to file any more pretrial motions.[2]

### III.     MOTION FOR RECUSAL (ECF No. 172)

Plaintiff seeks recusal under 28 U.S.C. § 455, contending the assigned judges are biased against him and their impartiality might reasonably be questioned.[3] (ECF No. 172 at 2.)

28 U.S.C. § 455(a) mandates disqualification if the judge's impartiality might reasonably be questioned. *See* 28 U.S.C. § 455(a). Section 455(b)(1) compels recusal where a judge has personal bias or prejudice towards the moving party. *See* 28 U.S.C. § 455(b)(1). The substantive standard for recusal under 28 U.S.C. § 455 is: "[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (quotation omitted).

Plaintiff argues that the presiding district judge should recuse herself because she obtained her undergraduate degree at the University of California, Davis ("UC Davis"), Plaintiff's former employer immediately following termination of his employment with Defendant. No reasonable person would find that the undersigned's impartiality might reasonably be questioned because she graduated from the university that employed

---

[2]The same applies to Defendant, although Defendant has not filed any pretrial motions since its second motion in limine filed on October 23, 2019. (ECF No. 130.)

[3]Plaintiff asserts that counsel "is emotionally related to this Court" and the court of appeals and should be disqualified. (ECF No. 172 at 3.) Needless to say, Plaintiff's disagreement with the opposing party's counsel is not a basis for disqualification of counsel.

3

Plaintiff, and whose employees were identified as witnesses to some of Plaintiff's claims against Defendant.

Plaintiff's contention relating to Judge Baldwin is equally tenuous. He argues Judge Baldwin should recuse herself because she graduated from the University of Nevada, Reno ("UNR"), which is part of the University of Nevada System of Higher Education, and because she previously "worked on the Ninth Circuit Court of Appeals."[4] (ECF No. 172 at 2-3.) Judge Baldwin's impartiality cannot be reasonably questioned because of her affiliation with UNR or with a former member of the Ninth Circuit Court of Appeals.

Plaintiff cites as evidence of bias the rulings with which he disagrees and the Court's handlings of his frivolous motions. (*Id.* at 4-15.) The Supreme Court opined that "[j]udicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Furthermore, it held:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

*Id.* Recusal is not appropriate here simply because Plaintiff strongly disagrees with the Court's rulings. In fact, the Court has an equally compelling obligation not to recuse where recusal is not appropriate. *See United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008).

**IV.   CONCLUSION**

It is therefore ordered that Plaintiff's motion to supplement (ECF No. 187) is denied.

It is further ordered that Plaintiff's motion for recusal (ECF No. 172) is denied.

///

///

///

---

[4]Judge Baldwin clerked for The Honorable Proctor R. Hug, Jr. on the Ninth Circuit Court of Appeals. *See Magistrate Judge Carla Baldwin Biography*, https://www.nvd.uscourts.gov/court-information/judges/magistrate-judge-carla-baldwin/ (last visited Sept. 30, 2020).

4

It is further ordered that Plaintiff may not file any more pretrial motions. Plaintiff's failure to comply with this order with result in sanctions, up to and including dismissal of Plaintiff's remaining retaliation claim.

DATED THIS 1st Day of October 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE