UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GUANGYU WANG,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>NEVADA SYSTEM OF HIGHER EDUCATION,<br><br>　　　　　　　　　　Defendant. | Case No. 3:18-cv-00075-MMD-CLB<br><br>ORDER |

**I.　SUMMARY**

The jury returned a verdict in favor of Defendant the Nevada System of Higher Education on *pro se* Plaintiff Guangyu Wang's single remaining claim for retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a). (ECF Nos. 232, 234.) Before the Court is Defendant's motion for costs and attorneys' fees and motion to compel Wang to order all parts of the trial proceeding for transcript. (ECF Nos. 241, 264.) Additionally, before the Court is Wang's motion for sanctions and motion to reconsider the Clerk of Court's memorandum regarding taxation of costs.[1] (ECF Nos. 243, 268.) The Court, having reviewed the parties' motions and corresponding briefs—and as further explained below—will grant in part and deny in part Defendant's motion for costs and attorneys' fees, and deny Defendant's motion to enforce, Wang's motion for sanctions, and Wang's motion for reconsideration.

**II.　BACKGROUND**

Plaintiff Guangyu Wang filed a first amended complaint alleging five claims against Defendant for retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-

---

[1]Wang filed the motion for reconsideration as an "objection" (ECF No. 268) to the Clerk's memorandum regarding taxation of costs (ECF No. 263). The Court construes Wang's objection more appropriately as a motion for reconsideration.

3(a). (ECF Nos. 21, 105.) The Court dismissed four of those claims, with the remaining claim—the fifth claim—to be tried by a jury. (ECF No. 97.) Wang alleged in his fifth claim that Iain Buxton retaliated against him, in violation of Title VII, by preventing him from retrieving his lab supplies from the Medical School at the University of Nevada at Reno. (ECF No. 105 at 9.)

The parties held a settlement conference on August 26, 2019, and Defendant thereafter offered a judgment to Wang in the amount of $5,800.00. (ECF Nos. 111, 241-4.) Wang did not accept the offer and the case proceeded to a jury trial. (ECF No. 241-2 at 2.) Jury selection took place on May 4, 2021, and trial began the following day regarding Wang's remaining fifth claim of retaliation. (ECF Nos. 219, 220.)

During trial, Defendant's second-chair attorney, Susan Poore, examined one witness on May 6, 2021. (ECF No. 222.) On the following day, Poore presented and argued Defendant's Rule 50(a) motion, which the Court denied. (ECF No. 226.) Later that day, Iain Buxton provided his testimony. (*Id.*) The jury began their deliberation on May 10, 2021, and they returned a verdict in favor of Defendant on Wang's fifth claim. (ECF Nos. 228, 232.) The Court subsequently entered a judgment, and Wang filed notice of appeal on June 8, 2021. (ECF Nos. 234, 251.) On June 28, 2021, both Wang and Defendant filed transcript designations. (ECF Nos. 258, 259.) Wang designated only the transcript of Buxton's trial testimony, and Defendant designated the entire trial transcript to be used on appeal. (*Id.*)

After the jury trial, Poore filed a notice of appearance as counsel for Defendant. (ECF No. 235.) Thereafter, on May 24, 2021, Defendant submitted a Bill of Costs and supporting exhibits, with costs and expenses totaling $15,696.80. (ECF Nos. 239, 239-1 – 239-34.) Defendant additionally filed a motion for costs and attorneys' fees and attached signed declarations. (ECF Nos. 241, 241-2, 241-3.) Defendant requests $29,722.70 in attorneys' fees, with the total of costs and attorneys' fees to be awarded to Defendant totaling $45,419.50. (ECF No. 241.)

///

In response, Wang filed an objection to Defendant's Bill of Costs. (ECF No. 245.) On July 23, 2021, the Clerk of Court issued a memorandum regarding taxation of costs. (ECF No. 263.) The memorandum states, in part, that the Clerk was "relying on the judgment entered and finds defendant to be the prevailing party" and that "[c]osts are taxed in the amount of $15,696.80 and are included in the judgment." (ECF No. 263 (emphasis omitted).) Wang objects to the Clerk's memorandum and has filed, which the Court now construes, as a motion for reconsideration. (ECF No. 268.)

### III.    MOTION FOR COSTS & ATTORNEYS' FEES[2]

Defendant argues that, as the prevailing party in this action, Defendant should be awarded costs and attorneys' fees under Federal Rules of Civil Procedure 54(d) and 68(d), and 42 U.S.C. § 2000e-5(k). (ECF No. 241.) Defendant further argues this is appropriate when considering Wang's bad faith conduct in this action and at trial. (*Id.* at 4-12.) Wang counters that his retaliation claim was "serious, reasonable and grounded." (ECF No. 244 at 1.) The Court agrees with Defendant that they are entitled to reasonable costs but disagrees that attorneys' fees are appropriate in this instance. The Court will address both issues below in turn.

#### A.    Reasonable Costs

Defendant claims it is entitled to reasonable costs as it is the prevailing party under Rules 68(d) and 54(d) of the Federal Rules of Civil Procedure. (ECF No. 241.) Rule 68(d) provides that "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Rule 54(d)(1) states, in part, that "costs—other than attorney's fees—should be allowed to the prevailing party." As such, prevailing parties are generally entitled to reasonable costs other than attorney's fees. *See* Fed. R. Civ. P. 54(d)(1); LR 54-1. The Ninth Circuit has interpreted Rule 54(d) "to create a presumption in favor of awarding costs to the prevailing

---

[2]The parties filed a corresponding response and reply. (ECF Nos. 244, 246.) The Court notes that Wang's response was filed as an "objection" to Defendant's motion, which the Court construes as his response to the motion. (ECF No. 244.)

3

party," *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996), and the burden is on the losing party to "show why costs should not be awarded," *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003) (citing *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999)).

Here, Defendant made an offer of judgment to Wang prior to trial in the amount of $5,800.00, which Wang declined to accept. (ECF Nos. 241-2, 241-4.) Defendant prevailed,[3] as the Court previously granted summary judgment in favor of Defendant on four claims, the remaining fifth claim was found by the jury in favor of Defendant, and judgment was entered accordingly. (ECF Nos. 97, 232, 234.) Thereafter, Defendant timely submitted a Bill of Costs totaling $15,696.80 and attached supporting documents. (ECF Nos. 239, 239-1 - 239-34.) Wang filed an objection to the Bill of Costs raising several arguments but none of those arguments were objections to the costs nor arguments as to why costs should not be awarded to Defendant. (ECF No. 245.) Wang merely concludes his claims are "serious, reasonable and grounded" and he is "actually the prevailing party in this whole case." (*Id.* at 1-2.) Accordingly, the Clerk of Court issued a Bill of Costs taxing costs in the amount of $15,696.80 and included that amount in the judgment. (ECF No. 262.) The Clerk further issued a memorandum expressly stating that the Clerk relied on the judgment entered and "finds defendant to be the prevailing party." (ECF No. 263.)

In his response to the motion for costs and attorneys' fees, Wang makes several arguments[4] that appear to justify why he brought his Title VII retaliation claims against Defendant in the first place. (ECF No. 244.) But similar to his objection to the Bill of Costs,

---

[3]The Court notes that Wang filed an objection to Defendant's Bill of Costs. (ECF No. 245.) In his objection, Wang states that "Plaintiff is actually the prevailing party in this whole case." (*Id.* at 2.) However, this is incorrect, and the Court reiterates the words of the Clerk of Court in the memorandum regarding taxation of costs that the Court "must rely on the judgment entered and finds [D]efendant to be the prevailing party." (ECF No. 263. *See* ECF No. 234.)

[4]The Court notes that Wang argues in his response, among his other arguments, that Attorney Susan Poore should be sanctioned by the Court. (ECF No. 244 at 8-9.) This argument, however, is not a proper response to Defendant's motion for costs and attorneys' fees and elsewhere (*see* ECF Nos. 245 at 2, 265 at 4-5, 268 at 2). The Court will address sanctions against Poore below only when addressing Wang's motion for sanctions. *See infra* at pp. 8-9.

4

none of Wang's arguments dispute the costs itself nor provide sufficient basis as to why the Court, in its discretion, should not grant reasonable costs to Defendant. *See Assoc. of Mexican-Am. Educators*, 231 F.3d 572, 592-93 (9th Cir. 2000) (discussing four reasons a district court can deny costs to defendants and recognizing these "good reasons" are not an exhaustive list). Accordingly, Wang has failed to meet his burden to "show why costs should not be awarded" to Defendant. *Save Our Valley*, 335 F.3d at 944-45. The Court therefore finds Defendant—as the prevailing party—is entitled to reasonable costs in the amount of $15,696.80 as set forth in the Court's Bill of Costs (ECF No. 262).

### B. Attorneys' Fees

Defendant claims they are also entitled to $29,722.70 in attorneys' fees because, again, they are the prevailing party under 42 U.S.C. § 2000e-5(k). (ECF No. 241.) Defendant further argues that Wang's bad faith conduct entitles them to attorneys' fees. (*Id.* 5-12.) Specifically, Defendant asserts that Wang engaged in a pattern of "bad faith litigation," which includes challenging his deposition testimony, ignoring the Court's orders by filing duplicate documents, engaging in unsupported attacks on opposing counsel, and continuing his bad faith conduct at trial. (*Id.*) Although the Court recognizes the challenges Defendant experienced in litigating this action given Wang's conduct that led to repeated warnings from the Court during trial, the Court nevertheless finds awarding attorney's fees in this instance to be unwarranted.

Section 2000e-5(k) states, in relevant part, that "the court, in its discretion, may allow the prevailing party . . . reasonable attorney's fee (including expert fees) as part of the costs[.]" (parentheses in original). The Ninth Circuit has articulated that under § 2000e-5(k)—the fee-shifting provision of Title VIII of the Civil Rights Act—"attorney's fees should be awarded to a prevailing defendant *only* if the plaintiff's claim was "frivolous, unreasonable, or without foundation." *Green v. Mercy Hous., Inc.*, 991 F.3d 1056, 1057 (9th Cir. 2021) (emphasis added) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). A plaintiff's claim is not frivolous in this context merely because the plaintiff did not prevail. *See Christiansburg*, 434 U.S. at 421-22. Moreover, the denials of

motions to dismiss and summary judgment may suggest a plaintiff's claims are not without merit. *See Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1041 (9th Cir. 1990).

Here, Wang's retaliation claim survived Defendant's various motions to dismiss and summary judgment. (ECF Nos. 19, 50, 97) *See Sanchez*, 936 F.2d at 1041. On numerous occasions, Wang relied on the Equal Employment Opportunity Commission's ("EEOC") determination letter to support his allegations that Defendant retaliated against him. (ECF Nos. 105, 244, 245.) The letter stated that the EEOC determined, based on the evidence, there was "reasonable cause to believe that [Defendant] retaliated against [Wang] for engaging in protected activity[.]" (ECF No. 105 at 27-28.) Wang reasonably believed—relying in part on the letter—that Defendant had retaliated against him in violation of Title VII, and he stood his ground by not accepting the offer of judgment. *See Mitchell v. Office of L.A. Cnty. Superintendent of Sch.*, 805 F.2d 844, 847-48 (9th Cir. 1986) (stating that "[a] plaintiff receiving [an EEOC determination] letter would reasonably believe that there was an adequate basis in law and fact to pursue his claim."); *Watson v. Cnty. of Yavapai*, 240 F. Supp. 3d 996, 1002 (D. Ariz. 2017) ("Standing one's ground is not equivalent to frivolousness, unreasonableness, or an action lacking foundation[.]")). While all of Wang's claims were ultimately unsuccessful, the Court finds his claims were not frivolous merely because Wang did not ultimately prevail. *See Christiansburg*, 434 U.S. at 421-22.

However, the Court is mindful that Wang engaged in a pattern of conduct that Defendant's describe where Wang would "file and refile motions, objections and requests for reconsiderations." (ECF No. 241 at 5.) But that conduct is afforded leniency from the Court when considering Wang who, *in propria persona*, pursued his claims without counsel. Although he is required to comply with the rules that govern this Court, Wang is afforded leniency as a *pro se* litigant. As the Ninth Circuit has articulated in *Miller v. Los Angeles County Board of Education*, "pro se plaintiffs cannot simply be assumed to have the same ability as a plaintiff represented by counsel to recognize the objective merit (or lack of merit) of a claim." 827 F.2d 617, 620 (9th Cir. 1987) (parentheses in original). The Court therefore held in *Miller* that the "*Christiansburg* standard is applied with particular

6

strictness in cases [when] the plaintiff proceeds pro se." *Id.* Admittedly, Wang's conduct throughout this case gives the Court pause. But his conduct does not amount to "exceptional circumstances" that would permit granting attorneys' fees to the prevailing Defendant. *Christianburg*, 434 U.S. at 422; *see also Harris v. Maricopa Cnty. Superior Ct.*, 631 F.3d 963 (9th Cir. 2011) (italicized and internal quotes omitted) ("[D]efendant is entitled only to the amount of attorneys fees attributable exclusively to a plaintiff's frivolous claims."). Ultimately, the Court must strike a balance between the competing considerations of potentially chilling legitimate Title VII claims on the one hand—a stated critical concern in Title VII and central the very concept of equal opportunity—and, on the other hand, immunizing plaintiffs with potentially unfounded claims from the usual rules of law that govern litigants. *See Watson*, 240 F. Supp. 3d at 1001 (citing *Blue v. U.S. Dep't of Army*, 914 F.2d 525, 535 (4th Cir. 1990)). As the Ninth Circuit has observed, "[t]he only purpose served by awarding attorneys' fees to a prevailing defendant is to discourage frivolous litigation." *Dosier v. Miami Valley Broad. Corp.*, 656 F.2d 1295, 1301 (9th Cir. 1981). "But an award of fees should not serve to chill employees from pursuing questionable but reasonable claims." *Williams v. Clark Cnty. Sch. Dist.*, Case No. 2:16-cv-02248-APG-PAL, 2019 WL 8051706, at *1 (D. Nev. Feb. 4, 2019) (citing *Christiansburg*, 434 U.S. at 422). The Court finds that Wang's conduct was not so egregious as to justify risking the potential chilling effect of pursuing non-frivolous Title VII claims.

Because the Court finds that Wang's claims were reasonable, and in weighing possible chilling effects of awarding additional attorneys' fees, the Court further finds the taxed costs against Wang is more than sufficient to keep him and others from filing frivolous claims without chilling prospective plaintiffs from pursuing reasonable claims. The Court therefore declines to award attorneys' fees to Defendant in the amount requested. Accordingly, Defendant's motion for costs and attorneys' fees is granted in part and denied in part as stated herein.

///

///

7

## IV. MOTON FOR SANCTIONS[5]

Wang argues that Susan Poore should be sanctioned under Rule 11 of the Federal Rules of Civil Procedure. The crux of Wang's argument is that Poore appeared at trial to examine a witness and present Defendant's Rule 50(a) motion before filing a notice of appearance as counsel for Defendant. (ECF No. 243.) Wang further argues that Poore's presence destroyed jury scheduling, disrupted trial proceedings, caused an unnecessary delay to trial, and increased the cost of litigation. (*Id.* at 1.) As a result, Wang requests that Poore "pay all the parties' legal fees including attorneys' fees as a result of her violation." (*Id.* at 5.) Defendant counters that Wang failed to comply with Rule 11(c)(2) and has failed to show how Poore's appearance has caused any delay, harm, or negative impact on this action. (ECF No. 247 at 2-4.) The Court agrees with Defendant on the relevant latter argument.

"Three primary sources of authority enable courts to sanction parties or their lawyers for improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power." *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). Wang appears to move for sanctions under Rule 11 and the Court's inherent authority. The Court considers Wang's motion under its inherent authority only, as a Rule 11 sanction is inapplicable in this instance.

Federal courts have the inherent power to punish conduct which abuses the judicial process, including accessing attorneys' fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NSDCO, Inc.*, 501 U.S. 32, 45-46 (1991) (citation omitted). When imposing sanctions under its inherent authority, a court must make an explicit finding of bad faith or willful misconduct. *See In re Dyer*, 322 F.3d 1178, 1196 (9th Cir. 2003). Negligence cannot sustain a sanction under a court's inherent authority. *See Zambrano v. City of Tustin*, 885 F.2d 1473, 1485 (9th Cir. 1989). In

---

[5]The parties filed a corresponding response and reply. (ECF Nos. 247, 248.)

addition, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers,* 501 U.S. at 44.

Here, Matthew Milone has been the lead attorney on record since this action began. (*See* ECF No. 6.) Milone argued the majority of Defendant's case at trial with Poore examining one witness and arguing one motion. (ECF Nos. 220, 226.) After trial concluded, Poore filed her notice of appearance as counsel for Defendant on May 11, 2021. (ECF No. 235 ("Notice").) Poore is admitted and authorized to practice before the Court, which is what she did at trial. (ECF No. 247-1.) Although Poore did file her Notice after appearing at trial, and the record does in fact reflect two different e-mail address for Poore as Wang points out,[6] these errors are *de minimis* and negligent at best. The Court finds Poore neither acted in bad faith nor engaged in willful misconduct that would warrant sanctions under the Court's inherent power. Nor did Poore's involvement at trial create any disruption or delay as Wang claims. Accordingly, Wang's motion for sanctions is denied.

## V.    MOTON TO ENFORCE[7]

Defendant argues that Wang has failed to comply with Rule 10 of the Federal Rule of Appellate Procedure and that he must order the entire trial proceeding transcript in this action. (ECF No. 264.) Specifically, Wang has failed to file with the Ninth Circuit a certificate regarding unnecessary portions of the transcript. (*Id.*) Wang appears to counter that, outside of Iain Boxton's trial testimony, "other portions of the transcript of the jury trial hearing are not necessary to the appeal" and, if Defendant thinks otherwise, then Defendant should be responsible to pay. (ECF No. 265 at 4.) Wang further counters that his notice of appeal and motion for appointment of counsel "clearly stated that this appeal

---

[6]It is unclear to the Court the exact argument or issue Wang is making with respect to Poore's use of two different e-mail addresses. The Court notes that it previously advised Poore to update her court account information pursuant to LR IC 2-1(g). (ECF No. 237.) Poore's e-mail on the docket record now reflects the one Poore listed on her Notice.

[7]The parties filed corresponding response and reply to the motion. (ECF Nos. 265, 266.)

9

is to resolve the issues about the District Court of Nevada's erroneous decisions on Wang's claims for Title VII intentional retaliation and damages against [Defendant]." (*Id.* at 7.) Moreover, Wang makes several new and non-responsive arguments regarding the accuracy of the trial proceedings. The Court is not convinced by either parties' arguments, and will deny the motion to enforce.

### A. Transcript

Rule 10(b)(1)(A) of the Ninth Circuit's Federal Rules of Appellate Procedure states, in part, that the appellant has a duty to "order from the reporter a transcript of such parts of the proceedings not already on file as the appellant considers necessary[.]" "Unless the entire transcript is ordered . . . the appellant must—within the 14 days provided in Rule 10(b)(1)—file a statement of the issues that the appellant intends to present on the appeal and must serve on the appellee a copy of both the order or certificate and the statement[.]" Fed. R. App. P. 10(b)(3)(A). If the appellee considers it necessary to have other parts of the transcript proceedings, the appellee may "either order the parts or move in the district court for an order requiring the appellant to do so." Fed. R. App. R. 10(b)(3)(C).

In his notice of appeal, Wang states he is appealing this Court's last judgment entered on May 11, 2021, orders entered "on the dates including, but not limited to, 5/8/2018, 7/12/2019, 3/30/2020 and 5/25/2021," and "orders that may be entered on and after 6/8/2021." (ECF No. 251 at 1.) On June 23, 2021, Wang filed a motion for appointment of counsel with the Ninth Circuit and states that his appeal is "regarding the Title VII retaliation and damages."[8] Additionally, he filed a designation of transcripts to be used in record on appeal in this Court and lists Buxton's trial testimony transcript, which was later entered on the docket.[9] (ECF Nos. 258, 260.)

---

[8] The Court takes judicial notice of Wang's motion for appointment of counsel in his appeal to the Ninth Circuit. *See* Motion for Appointment of Counsel, Wang v. Nev. Sys. of Higher Educ., Case No. 21-15981 (9th Cir. Jun. 23, 2021), ECF No. 3.

[9] On the same day that Wang filed his designation of transcript, Defendant did the same and designated "Trial Proceedings/Witness testimony" as the following transcripts to be used in the record on appeal. (ECF No. 259.)

While it is understandable based on the record why Defendant believed the entire trial transcript proceeding should be ordered given the scope of Wang's appeal, the decision of whether to order the entire transcript belongs to Wang, not Defendant. Wang makes clear in his response that he has decided other portions outside of Buxton's testimony are "not necessary to the appeal." (ECF No. 265 at 4.) The Court therefore agrees with Wang that if Defendant believes other portions of the trail proceeding are necessary for the appeal (*id.*), then Defendant is responsible for ordering them. Accordingly, Defendant's motion to enforce Wang to order all parts of the trial proceeding for transcript is denied.

### B.     Wang's Additional Arguments

In his response, Wang raises the following new and non-responsive arguments: (1) there is no audio recording to prove the transcript is "complete, correct, and accurate;" (2) the Court Reporter sent an e-mail to Wang stating that she deleted the audio recording of the trial proceedings; (3) the Court Reporter reminded Defendant's counsel "to use deposition transcripts to defeat Wang" during trial; (4) and the transcript of Iain Buxton's trial testimony is "incomplete and has some errors." (*Id.* at 6-7.) The Court notes that these allegations are improper responses to Defendant's motion to enforce, as they do not directly respond to Defendant's arguments. However, the Court takes allegations of misconduct against it and its staff seriously, and will therefore address Wang's arguments here.

28 U.S.C. § 753(b) of the Court Reporters Act provides, in pertinent part, that "[e]ach session of the court and every other proceeding designated by rule or order of the court or by one of the judges shall be recorded verbatim by shorthand, mechanical means, electronic sound recording, or any other method, subject to regulations promulgated by the Judicial Conference and subject to the discretion and approval of the judge." Additionally, "[t]he transcript in any case certified by the reporter or other individual designed to produce the record shall be deemed prime facie a correct statement of the testimony taken and proceedings had." *Id.* "While 28 U.S.C. § 753(b) provides a party with

the right to receive a transcript of in-court proceedings, audio . . . recordings are not subject to disclosure." *Johnson v. Young*, Case No. 3:14-cv-00178-RCJ-VPC, 2017 WL 662904, at *3 (D. Nev. Feb. 17, 2017).

Here, the Court Reporter produced a transcript of Buxton's trial testimony and certified "that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter." (ECF No. 260 at 60.) Pursuant to the plain language of 28 U.S.C. § 753(b), no audio recording is required when another official method of recording is available. Wang offered no evidence to support his assertion that the transcript is incorrect. Even if the Court were to accept Wang's allegation that Buxton's testimony regarding Wang's "excellent" job performance was omitted from the Court Report's transcript (ECF No. 265 at 7), Wang has not demonstrated that this omission has adversely affected the outcome of his trial. *See United States v. Carrillo*, 902 F.2d 1405, 1409-10 (9th Cir. 1990). Additionally, the allegation that the Court Reporter reminded Defendant's counsel to use the deposition transcript against Wang is improper as the Court was present at trial and did not observe any mishandling from staff. The errors that Wang further raises regarding the misspelling of names of individuals at trial (ECF No. 265 at 7) are *de minimis* and again do not adversely impact the case outcome. As such, the Court rejects Wang's allegations of improper conduct.

### VI.   MOTON TO RECONSIDER

As stated above, Wang filed an "objection" (ECF No. 268) to the Clerk of Court's memorandum regarding taxation of costs, which the Court construes as a motion for reconsideration. *See supra* n.1 at pp. 1. A motion for reconsideration must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). The Court, having reviewed Wang's motion, finds that Wang repeats several of the arguments he has raised throughout this case and has failed to offer a valid reason as to why the Court should reconsider the memorandum. Accordingly, Wang's motion to reconsideration is denied.

**IV.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Defendant's motion for costs and attorneys' fees (ECF No. 241) is granted in part and denied in part. Defendant is entitled to reasonable costs in the amount of $15,696.80. The Court denies Defendant's motion with respect to attorneys' fees.

It is further ordered that Defendant's motion to enforce Plaintiff Guangyu Wang to order all parts of the trial proceeding for transcript (ECF No. 264) is denied.

It is further ordered that Wang's motion for sanctions (ECF No. 243) is denied.

It is further ordered that Wang's motion for reconsideration (ECF No. 268) is denied.

DATED THIS 10th Day of January 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE